People v Hoover (2024 NY Slip Op 00032)

People v Hoover

2024 NY Slip Op 00032

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind No. 151/18 2640/18 Appeal No. 1350-1350A Case No. 2019-784, 2019-800 

[*1]The People of the State of New York, Respondent,
v
Patrick Hoover, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgments, Supreme Court, New York County (Patricia Nunez, J., at pleas; Guy H. Mitchell, J., at sentencing), rendered November 7, 2018, as amended November 30, 2018 and February 13, 2019, convicting defendant of three counts of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years under Indictment No. 151/2018, to run consecutively to concurrent terms of 3½ to 7 years under SCI 2640/2018, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to a term of 2 to 4 years on each count, running concurrently, and otherwise affirmed.
Defendant's waiver of the right to appeal was invalid. The oral colloquy, even considered in light of the written waivers, did not demonstrate that defendant had a "full appreciation of the consequences" of the waiver (People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The court insufficiently apprised defendant of the nature of the appellate rights being waived, misleadingly informed defendant that the waiver rendered his sentences final, and failed to ascertain that defendant understood or had an opportunity to discuss with counsel the written waivers (see People v Bonilla, 211 AD3d 614, 614-615 [1st Dept 2022]).
Defendant pleaded guilty in exchange for an opportunity to participate in a drug treatment program, completion of which would result in vacatur of his guilty pleas and dismissal of both instruments. According to the plea agreements, if defendant failed to successfully complete treatment and was not rearrested, he faced an aggregate sentence of 2 to 4 years under each instrument, with the terms to run consecutively to each other. The agreements also stated that the maximum sentence permitted was consecutive terms of 3½ to 7 years. During the plea proceeding, the court explained the plea terms to defendant, and added that if defendant were rearrested, there were "no promises," and defendant could face the maximum sentence of consecutive terms of 3½ to 7 years. At sentencing, after defendant's rearrest for a new offense, the prosecutor incorrectly represented that consecutive terms of 3½ to 7 years was the "promised sentence," and the court sentenced defendant accordingly. By failing to raise any objections, defendant did not preserve his challenge to the sentences (CPL 470.05[2]).
However, based on our own interest of justice powers (CPL 470.15[6][b]; People v Delgado, 80 NY2d 780, 783 [1992]), we reduce the sentence to a term of 2 to 4 years
under Indictment No. 151/2018, to run concurrently to concurrent terms of 2 to 4 years under SCI 2640/2018, for an aggregate term of 2 to 4 years.
In view of the foregoing, we need not reach defendant's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024